This case had its origin in the Municipal Court of the Town of Riverside, where this appellant was adjudged guilty of resisting arrest and of two other offenses growing out of the same incident. He promptly gave notice of appeal and demanded a trial by jury. In due course, he was tried before a jury in the Circuit Court, which returned verdicts finding him not guilty of the two other offenses but guilty of resisting arrest, for which he was sentenced to imprisonment.
The only issue presented on appeal is thus stated in brief of counsel for appellant:
 "DID THE COURT ERR IN DENYING APPELLANT'S MOTION TO DISMISS CASE FOR APPELLEE'S FAILURE TO COMPLY WITH REQUIREMENTS OF SECTION 12-14-70(d), AS AMENDED, OF THE 1975 CODE OF ALABAMA?"
The subsection of the Code of Alabama cited and relied upon by appellant, which section is captioned "Appeals to circuit courts from judgments of municipal courts and proceedings thereon," provides:
 "When an appeal [by a defendant] has been taken, the municipality shall file notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated."
In the brief of counsel for appellee, it is conceded that the quoted statute is mandatory, but therein is the following argument:
 "Although it is evident on the record (R. 108-111), that the papers and documents filed by Town of Riverside, Alabama, with the Circuit Court of St. Clair County are not stamped filed by the Circuit Court's Clerk's office, we cannot overlook the Trial Judge's ruling as it appears on the record, (R. 50) where the defendant's motion to dismiss the case for failure to comply with Section 12-14-70, Code of Alabama, was denied and the court stated, 'I have ruled on that once, it is denied.' "
Counsel for appellee continues to argue in the brief that the judgment of the trial court is due to be affirmed, but concludes by saying that, if this Court is not satisfied from the record that the Town of Riverside complied with the requirements of Section 12-14-70(d), Code of Alabama, 1975, the case should be remanded "solely for the purpose of conducting an evidentiary hearing on that issue."
Our conclusion is that there is ambiguity in the record before us as to whether the *Page 1257 
Town of Riverside complied with the requirements of Section12-14-70(d), Code of Alabama 1975, and that the case should be remanded to the trial court with directions that it conduct a hearing, after due notice thereof to the attorneys for both parties, for the receipt of evidence presented by the parties as to whether there was compliance with Code of Alabama 1975, § 12-14-70(d). In due course, a return shall be made to this order of remand, accompanied by a court reporter's transcript of the evidence and proceedings at such hearing.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.